[Cite as *State v. Little*, 2012-Ohio-3779.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | Case Nos. 11CA109 |
| DENNIS LITTLE, JR. | : | 11CA120 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
Pleas, Case No. 2010CR513



JUDGMENT:        Affirmed



DATE OF JUDGMENT:        August 20, 2012



APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

JOHN C. NIEFT        R. JOSHUA BROWN
38 South Park Street        32 Lutz Avenue
Mansfield, OH  44902        Lexington, OH  44904

*Farmer, J.*

{¶1} On August 6, 2010, the Richland County Grand Jury indicted appellant, Dennis Little, Jr., on one count of possession of drugs in violation of R.C. 2925.11 and one count of trafficking in drugs in violation of R.C. 2925.03. On October 19, 2011 (filed October 21, 2011), appellant pled guilty to the possession count and the trafficking count was dismissed. By sentencing entry filed October 21, 2011, the trial court sentenced appellant to a two year mandatory term in prison.

{¶2} Appellant filed a notice of appeal on November 17, 2011 (Case No. 11CA109).

{¶3} On November 28, 2011, appellant filed a motion for jail time credit. By judgment entry filed December 7, 2011, the trial court denied appellant's motion.

{¶4} Appellant filed a second notice of appeal on December 20, 2011 (Case No. 11CA120).

{¶5} On January 9, 2012, this court consolidated the two cases.

{¶6} This matter is now before this court for consideration. Assignment of error is as follows:

I

{¶7} "THE TRIAL COURT ERRED IN IMPOSING A MANDATORY TWO YEAR PRISON SENTENCE AS APPELLANT DID NOT FULLY UNDERSTAND THE CONSEQUENCES OF HIS PLEA."

{¶8} This court consolidated the two appeals on January 9, 2012. The first appeal is on appellant's sentence, sentencing entry filed October 21, 2011. The second

appeal is on the denial of jail time credit, judgment entry filed December 7, 2011. Appellant has argued only one assignment of error.

I

{¶9}   Appellant claims his plea was not voluntary as he did not understand the consequences of his plea. Appellant claims the transcript of the plea adequately demonstrates that he was under the impression that he would be sentenced under H.B. No. 86.  We disagree.

{¶10}  Appellant pled guilty to possessing drugs (cocaine), a felony in the third degree, in violation of R.C. 2925.11.  Appellant was originally charged with possession of drugs and trafficking in drugs.  Appellant pled guilty to the possession count and the trafficking count was dismissed.  The state correctly points out that appellant's plea was a negotiated plea, as is evidenced by the following provision included in the plea of guilty form signed by appellant on October 19, 2011:

{¶11}  "I understand the nature of these charges and the possible defenses I might have.  I am satisfied with my attorney's advice and competence.  I am not now under the influence of drugs or alcohol.  No threats have been made to me.  No promises have been made to me as part of this plea agreement except: Agreed upon recommendation; 2 years prison; mandatory fine and license susp.; forfeit $2,000 Prison sentence mandatory."

{¶12}  The transcript of the plea also indicates this was an agreed to sentence and appellant understood the agreement and the sentence.  T. at 18-19, 22.  Pursuant to the plea agreement, the trial court imposed a mandatory two year sentence.  T. at 23. Under R.C. 2953.08(D)(1), "[a] sentence imposed upon a defendant is not subject to

review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

{¶13} Appellant appears to argue his sentence was not authorized by law as he was under the impression that he would be sentenced under H.B. No. 86 and therefore his two year sentence would not be mandatory. H.B. No. 86 became effective on September 30, 2011. Pursuant to the November 3, 2010 Response to Request for Bill of Particulars, appellant was found with over fifty grams of cocaine on March 18, 2010. He was subsequently charged with violating R.C. 2925.11(C)(4)(c) which stated the following pre-H.B. No. 86:

{¶14} "(c) If the amount of the drug involved equals or exceeds twenty-five grams but is less than one hundred twenty grams of cocaine that is not crack cocaine or equals or exceeds five grams but is less than ten grams of crack cocaine, possession of cocaine is a felony of the third degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the third degree."

{¶15} Prior to H.B. No. 86, felonies of the third degree were punishable by "one, two, three, four, or five years." R.C. 2929.14(A)(3). Clearly appellant's mandatory two year sentence was proper under pre-H.B. No. 86.

{¶16} H.B. No. 86 eliminated the difference between crack and powder cocaine. Appellant argues he should have the benefit of the amendment regarding possession of cocaine and third degree felonies as set forth in now R.C. 2925.11(C)(4)(c):

{¶17} "(c) If the amount of the drug involved equals or exceeds ten grams but is less than twenty grams of cocaine, possession of cocaine is a felony of the third degree,

and, except as otherwise provided in this division, there is a presumption for a prison term for the offense. If possession of cocaine is a felony of the third degree under this division and if the offender two or more times previously has been convicted of or pleaded guilty to a felony drug abuse offense, the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the third degree."

{¶18} Appellant has not previously been convicted of or pleaded guilty to a felony drug abuse offense; therefore, he argues the trial court erred in imposing a mandatory term. However, under H.B. No. 86, appellant's possession of cocaine conviction would be a first degree felony or a second degree felony at best:

{¶19} "(d) If the amount of the drug involved equals or exceeds twenty grams but is less than twenty-seven grams of cocaine, possession of cocaine is a felony of the second degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the second degree.

{¶20} "(e) If the amount of the drug involved equals or exceeds twenty-seven grams but is less than one hundred grams of cocaine, possession of cocaine is a felony of the first degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree." R.C. 2925.11(C)(4)(d) and (e).

{¶21} First degree felonies are punishable by "three, four, five, six, seven, eight, nine, ten, or eleven years." R.C. 2929.14(A)(1). Second degree felonies are punishable by "two, three, four, five, six, seven, or eight years." R.C. 2929.14(A)(2). Clearly appellant's mandatory two year sentence was proper under post-H.B. No. 86 for a second degree felony and was too low for a first degree felony.

{¶22}  Upon review, we find appellant's plea was voluntary and was made subject to a negotiated agreement, and the mandatory two year agreed upon sentence was within the statutory scheme pre- and post-H.B. No. 86 and was not unlawful.

{¶23}  The sole assignment of error is denied.

{¶24}  The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Edwards, J. concur.


s/ Sheila G. Farmer_____


s/ William B. Hoffman_____


s/ Julie A. Edwards_____

JUDGES

SGF/sg 720

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DENNIS LITTLE, JR. | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11CA109 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

s/ William B. Hoffman_____

s/ Julie A. Edwards_____

JUDGES

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                :

    Plaintiff-Appellee        :

-vs-                   :          JUDGMENT ENTRY

DENNIS LITTLE, JR.       :

    Defendant-Appellant   :          CASE NO. 11CA120

:

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed.  Costs to appellant.


s/ Sheila G. Farmer_____


s/ William B. Hoffman_____


s/ Julie A. Edwards_____

JUDGES